UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ENGlobal U.S., Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AIC Energy Corp. d/b/a SA Fuels X, <br><br> Defendants. | Case No. <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff ENGlobal U.S., Inc. ("Plaintiff") for its Complaint against Defendant AIC Energy Corp. d/b/a SA Fuels X ("Defendant") hereby states and alleges as follows:

### PARTIES

1. Plaintiff is a Texas business corporation with its principal place of business located in the State of Texas. At all times relevant to this action, Plaintiff was registered to do business in the State of North Dakota.

2. Defendant is a Nevada business corporation with its principal place of business located in the State of Nevada. At all times relevant to this action, Defendant was registered to do business in the State of North Dakota.

### JURISDICTION AND VENUE

3. The district court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that it is a matter in controversy exceeding the sum of $75,000 and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this action arises out of a dispute involving real property located in Williams County, North Dakota.

## BACKGROUND FACTS

5. Plaintiff is a professional engineer in the business of providing architectural services, construction staking, engineering, land surveying, mapping, and soil testing. At all times relevant, Plaintiff was licensed to provide engineering and land surveying services in the State of North Dakota.

6. On or about December 1, 2021, Plaintiff and Defendant entered into an Agreement for Providing Services, Contract No. ENGHOU21-228 and a project proposal dated March 22, 2022 (collectively, the "Contract") to develop a cost estimate and associated deliverables for a sustainable fuels refinery to be constructed in Trenton, North Dakota (the "Project"). A true and correct copy of the Contract is attached hereto as **Exhibit A** and terms of the same incorporated herein by reference.

7. The legal description for the real property where the sustainable fuels refinery that was the subject of the Project was to be constructed is as follows:

> MS21-0004, a Resubdivision of MS19-0013 and MS13-0144 located in the N1/2 of Section 5, Township 152 North, Range 103 West of the 5th P.M., Williams County, North Dakota as shown on the plat recorded in the Office of the Williams County Recorder on April 22, 2021 as Document No. 884585

Property address:    14800 42nd St NW, Trenton, ND 58801

Tax I.D. #: 57-152-03-00-05-039

(the "Property")

8. Defendant is the record title owner of the Property.

9. The cost for the engineering services and deliverables under the Contract to be paid to Plaintiff was $5,180,000.00 (the "Contract Price").

10. On February 15, 2022, Defendant issued a Limited Notice to Proceed ("LNTP") and paid Plaintiff the sum of $500,000 to be applied to the Contract Price. A true and correct copy of the LNTP is attached hereto as **Exhibit B** and terms of the same incorporated herein by reference.

11. The remaining payment of the Contract Price ($4,680,000.00) was to be made to Plaintiff as follows:

> Payment Terms:
> 10% ($468,000) will be billed after receiving AIC's Notice to Proceed
> 20% ($936,000) payment billed at the end of each month of work
> Final 10% ($468,000) billed at the end of 5 months

12. On March 31, 2022, Defendant issued the full Notice to Proceed ("NTP"). A true and correct copy of the NTP is attached hereto as **Exhibit C** and terms of the same incorporated herein by reference.

13. Pursuant to the Contract, payment was to be made within 30 days of Plaintiff's issuance of an invoice. Interest accrues on the unpaid invoices at the rate of 18% per annum.

14. The Contract provides that Texas law governs the interpretation and relations between Plaintiff and Defendant. *See* **Exhibit A**, page 6; ¶ O.

15. Plaintiff's services with respect to the Project were provided from February 16, 2022 to October 20, 2022.

16. Plaintiff has provided all of the services contemplated by the Contract and is entitled to be paid for all of the services, labor and materials it contributed to the Project.

17. The following table identifies the invoices issued to Defendant for Plaintiff's work on the Project that remain unpaid, payment(s) made, accrued interest calculated at the rate of 18% per annum as of June 1, 2023, and the total amount due:

| Invoice No. | Invoice Date | Amount | Due Date | Payment | Accrued Interest (6/1/23) | Total Due (6/1/23) |
|---|---|---|---|---|---|---|
| 437189 | 6/08/22 | $936,000 | 7/08/22 | ($500,000) | $70,524.49 | $506,524.49 |
| 437303 | 6/30/22 | $936,000 | 7/30/22 | | $141,246.25 | $1,077,246.25 |
| 437425 | 8/02/22 | $936,000 | 9/01/22 | | $126,013.81 | $1,062,013.81 |
| 437623 | 9/14/22 | $936,000 | 10/14/22 | | $106,165.48 | $1,042,165.48 |
| 437694 | 10/04/22 | $468,000 | 11/03/22 | | $48,466.85 | $516,466.85 |
| | | $4,212,000 | | ($500,000) | $492,416.88 | $4,204,416.88 |

True and correct copies of the unpaid invoices are attached hereto as **Exhibit D** and terms of the same incorporated herein by reference.

18. Pursuant to the Contract, Defendant was obligated to provide a written notice within ten (10) days of receiving an invoice of any disputed items on the invoice and was obligated to pay all undisputed portions of the invoice. *See* **Exhibit A**, page 3; ¶ D. Plaintiff did not receive any objections or written disputes with respect to the invoices and a statement that were regularly sent at the time of issuance.

19. Despite repeated demands, Defendant has failed to pay for Plaintiff's engineering services provided with respect to the Project.

20. After the application of all payments and credits, there remains due and owing to Plaintiff by Defendant the principal sum of $3,712,000.00 plus interest of $492,416.88 for

a total amount due of $4,204,416.88 as of June 1, 2023, plus costs and disbursements. Interest continues to accrue at the rate of 18% per annum from and after June 1, 2023.

21. On February 24, 2023, Plaintiff sent by certified mail a Notice of Intent to File Construction Lien on the Defendants for payment in the amount of $4,140,338.84, in compliance with N.D.C.C. 35-27-02. No payment was received in response to the notice.

22. On March 14, 2023, a Construction Lien was recorded with the Williams County Recorder's Office, State of North Dakota, as Document Number 904099. A true and correct copy of the Construction Lien is annexed hereto as **Exhibit E** and terms of the same incorporated herein by reference.

23. Plaintiff served a Written Notice of Lienholder's Intention to Enforce Construction Lien on Defendant on April 14, 2023 ("Notice of Lien Enforcement"). True and correct copies of the Notice of Lien Enforcement and service returns are attached hereto as **Exhibit F** and terms of the same incorporated herein by reference.

24. Plaintiff has timely filed and fully satisfied all conditions necessary for the enforcement of its Construction Lien, including but not limited to, the timely recording of said lien with the Williams County Recorder's Office.

25. Plaintiff's Construction Lien has not been cancelled or otherwise discharged.

26. Plaintiff is entitled to foreclose its Construction Lien pursuant to N.D. Cent. Code Ch. 35-27.

## COUNT 1

## BREACH OF CONTRACT

27. Plaintiff restates and incorporates herein by reference the allegations in paragraphs 1 through 26 above.

28. Defendant is in breach of its contract with Plaintiff as a consequence of Defendant's failure to pay all amounts due and owing for the engineering services provided with respect to the Project.

29. As a direct and proximate cause of the breach of contract by Defendant, Plaintiff has been damaged in the principal sum of $3,712,000.00 plus interest of $492,416.88 for a total amount due of $4,204,416.88 as of June 1, 2023, together with costs and disbursements. Interest continues to accrue at the rate of 18% per annum from and after June 1, 2023. Plaintiff is also entitled to reasonable attorneys' fees pursuant to Texas Civil Practice and Remedies Code Chapter 38.

## COUNT TWO

## QUANTUM MERUIT

30. Plaintiff restates and incorporates herein by reference the allegations in paragraphs 1 through 29 above.

31. The reasonable unpaid value of engineering services provided to Defendant with respect to the Project is in the principal sum of $3,712,000.00, together with interest at the statutory rate of 6.0% per annum accruing on the principal balance as of the invoice due date. Plaintiff is also entitled to reasonable attorneys' fees pursuant to Texas Civil Practice and Remedies Code Chapter 38.

32. Defendant accepted the benefit of the Plaintiff's engineering services.

33. Despite due and repeated demands, the Defendant has failed to pay for the fair value of the Plaintiff's services provided with respect to the Project.

## COUNT THREE

### ACCOUNT STATED/SWORN ACCOUNT

34. Plaintiff restates and incorporates herein by reference the allegations in paragraphs 1 through 33 above.

35. Plaintiff provided engineering services to Defendant and the amount charged was just and true and in accordance with the terms of the Contract.

36. Plaintiff has provided invoices [and statements] with respect to the debt due from the Defendant according to the terms of the Contract. The Defendant has failed to timely object to said invoices [and statements] and the account remains unpaid.

37. Plaintiff kept a systematic record of the subject transaction.

38. All lawful offsets, payments, and credits have been applied to the account.

39. The failure of the Defendant to object to the invoices and the statement it received from Plaintiff constitutes an account stated/sworn account permitting Plaintiff to recover from the Defendant the principal sum of $3,712,000.00 plus interest of $492,416.88 for a total amount due of $4,204,416.88 as of June 1, 2023. Interest continues to accrue at the rate of 18% per annum from and after June 1, 2023. together with costs and disbursements. Plaintiff is also entitled to reasonable attorneys' fees pursuant to Texas Civil Practice and Remedies Code Chapter 38.

## COUNT FOUR

### FORECLOSURE OF CONSTRUCTION LIEN

40. Plaintiff restates and incorporates herein by reference the allegations in paragraphs 1 through 39 above.

7

41. Pursuant to N.D.C.C. § 35-27-24, Plaintiff brings this action to foreclose its Construction Lien in the United States District Court for the District of North Dakota, Western Division, which includes the county in which the Property is located.

42. Plaintiff is entitled to assert and enforce the Construction Lien against the Property, in the amount of $4,204,416.88 as of June 1, 2023, which amounts constitute the reasonable value of the engineering services furnished to the Project and prejudgment interest at the rate of 18% per annum for which Defendant has failed and refused to pay.

43. Plaintiff's Construction Lien is equal to or superior to the rights, titles, claims, and interests of others holding an interest in the Property including, without limitation, the interests of Defendant.

44. Plaintiff is entitled to have the Court declare the priority of the interests in and to the Property, to have its Construction Lien foreclosed, to have the Property sold, and the proceeds of said sale applied to satisfy the obligations of Defendant.

## PRAYER FOR RELIEF

45. WHEREFORE, Plaintiff prays for relief against Defendant as follows:

    a. For judgment against Defendant establishing at trial the amounts due to Plaintiff pursuant to the Construction Lien, which amounts are no less than $4,204,416.88 as of June 1, 2023 plus interest accruing at the rate of 18% per annum on the principal balance from and after June 1, 2023 until entry of judgment; establishing that the Construction Lien is a valid lien against the Property and improvements thereon; establishing the priority of the Construction Lien is senior and prior or equal to any other interests in the Property held by Defendant; ordering foreclosure against

   the Property, that the Property be sold, and that Plaintiff be paid the amounts due and owing from the proceeds of the sale plus interest at the post-judgment statutory rate and costs and disbursements.

b.  For entry of a money judgment in favor of Plaintiff and against Defendant in the sum of $4,204,416.88 as of June 1, 2023 with interest accruing at the rate of 18% per annum until entry of judgment.

c.  For costs, disbursements, and attorneys' fees as permitted by law incurred herein.

d.  For such other and further relief as this Court deems equitable.

Dated this 14th day of June, 2023

**VOGEL LAW FIRM**

*/s/ Caren W. Stanley*
BY: Caren W. Stanley (#06100)
Robert J. Pathroff (#07759)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
Email: cstanley@vogellaw.com
   rpathroff@vogellaw.com
ATTORNEYS FOR PLAINTIFF

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Angela D. Caffey*
BY: Angela D. Caffey (TX #24062064) – *application/pro hac vice pending*
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
214.871.8200
Email: acaffey@thompsoncoe.com
ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF TEXAS )
) SS
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, on this day personally appeared WLLIAM A. COSKEY, P.E., EXECUTIVE CHAIRMAN, who, being by me first duly sworn, on oath stated that the claim upon which the above and foregoing account described in ENGLOBAL U.S., INC.'S Complaint against AIC ENERGY CORP. D/B/A SA FUELS X is based is within the knowledge of the affiant and just and true, that it is due and unpaid, and that all just and lawful offsets, payments, and credits have been allowed.

_____
William A. Coskey, P.E.
Affiant

Subscribed and sworn to before me this 13TH day of June, 2023.

Nancy Gabriela Reyes Fernandez
My Commission Expires 2/17/2027
Notary ID 134207945

Nancy Gabriela Reyes Fernandez
Notary Public

5145496.5

10