IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ENGlobal U.S., Inc.,, ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION TO DISMISS** |
| ) | |
| vs. ) | |
| ) | |
| AIC Energy Corp. d/b/a SA Fuels X ) | Case No. 1:23-cv-114 |
| ) | |
| Defendants. ) | |

Before the Court is the Plaintiff's Rule 12(b)(6) motion to dismiss the Defendant's counterclaim and motion to strike filed on August 8, 2023. See Doc. No. 9. The Defendant filed a response in opposition to the motion on August 29, 2023. See Doc. No. 15. The Plaintiff filed a reply brief on September 12, 2023. See Doc. No. 16. For the reasons set forth below, the motion to dismiss is denied and the motion to strike is granted.

I.     **BACKGROUND**

This is an action for breach of contract for failure to pay for engineering services provided by the Plaintiff to the Defendant. On December 21, 2021, Defendant AIC Energy Corp. d/b/a SA Fuels X ("AIC") and Plaintiff ENGlobal U.S., Inc., ("ENGlobal") entered into an agreement for providing services. A project proposal was signed on March 22, 2022. Together the two contracts called for ENGlobal to provide engineering services and associated deliverables for a sustainable fuels refinery to be constructed in or near Trenton, North Dakota. The contract price to be paid by AIC to ENGlobal was $5,180,000.00. The contract provides that it is governed by Texas law. ENGlobal provided engineering services to AIC from February 16, 2022 to October 20, 2022. AIC

1

paid ENGlobal $500,000. for services rendered. ENGlobal contends it is owed $3,712,000.00 plus interest.

On March 14, 2023, ENGlobal recorded a construction lien on the property with the Williams County Recorder's Office. On June 14, 2023, ENGlobal filed this action in federal court. The complaint contains four claims; (1) breach of contract; (2) quantum meruit; (3) account stated/sworn account; and (4) foreclosure of construction lien.

AIC filed an answer and counterclaim on July 18, 2023. In its counterclaim, AIC alleges ENGlobal breached the contract by failing to perform the agreed upon work and failing to complete the work in a timely and satisfactory manner.

**II.     STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint does not need to contain detailed factual allegations, but it must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" Id.  The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief.  Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.     LEGAL DISCUSSION

In its motion, ENGlobal contends AIC's counterclaim fails to plausibly state a claim upon which relief may be granted, AIC failed to file a certificate of merit along with its counterclaim as required by Texas law, and paragraph 50 of AIC's answer should be stricken because it refers to the North Dakota Rules of Civil Procedure rather than the Federal Rules of Civil Procedure.  AIC maintains otherwise.  The parties agree their dispute is governed by Texas law.

### A.     AIC's Counterclaim

ENGlobal contends AIC's counterclaim does not allege a plausible breach of contract claim under Fed. R. Civ. P. 12(b)(6) because the pleadings establish, as a matter of law, AIC materially breached the contract first which excused ENGlobal's performance.  AIC contends ENGlobal's argument overlooks allegations in the pleadings (including its own) that show the parties have competing claims about performance and which party materially breached first.  The Court agrees with AIC. ENGlobal's argument merely raises disputed fact questions, including whether ENGlobal performed under the parties' agreement (which AIC denies) and whether ENGlobal was excused from performing (which AIC denies).

The Court declines ENGlobal's invitation to make factual determinations at this stage of the

proceedings. AIC does not concede a breach, much less a material one. Whether there has been a material breach of contract can rarely be determined based solely on the pleadings. All three cases cited by ENGlobal in support of its contention were decided after a jury trial. <u>Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.</u>, 518 S.W.3d 432 (Tex. 2017) (jury found both parties breached agreement)); <u>Mustang Pipeline Co. v. Driver Pipeline Co.</u>, 134 S.W.3d 195 (Tex. 2004) (jury finding that plaintiff breached contract but defendant was not justified in terminating contract); <u>Gupta v. E. Idaho Tumor Inst., Inc.</u>, 140 S.W.3d 747 (Tex. App. 2004) (affirming jury verdict). None of these cases speak to the Court determining one party committed a material breach based upon the pleadings.

The Court has carefully reviewed the complaint, answer, and counterclaim and finds numerous fact disputes exist, including who breached the contract and when. AIC's statement in its answer that the contract speaks for itself does not establish a material breach in and of itself. The answer must be read as a whole and AIC repeatedly states its belief that it does not owe any additional money to ENGlobal under the contract. The claims made in support of AIC's counterclaim must be taken as true and they are certainly plausible. That is all that is required at this stage of the case. Rule 8 has been satisfied. Dismissal, at this early stage, is unwarranted.

      **B.**     **Texas Certificate of Merit**

ENGlobal contends AIC's counterclaim should be dismissed for failure to comply with Section 150.002 of the Texas Civil Practice & Remedies Code. Section 150.002 requires the claimant to file an affidavit setting forth with specificity the alleged act, error, or omission for each theory for which damages are sought. Tex. Civ. Prac. & Rem. Code § 150.002. It is undisputed AIC did not file a certificate of merit in support of its counterclaim. AIC maintains that under

Section 150.002(h), a certificate of merit is not required for a counterclaim when the action is one for payment of fees arising out of the provision of professional services. AIC also maintains the Federal Rules of Civil Procedure govern the sufficiency of the counterclaim rather than Section 150.002 and no certificate of merit is required by the Federal Rules of Civil Procedure.

ENGlobal contends that the Court must look to the Texas Rules, which require a certificate of merit, to determine whether the pleadings are sufficient. AIC maintains the Federal Rules alone apply. The issue is complex and so to is the distinction between procedural and substantive law for *Erie* purposes. In this diversity jurisdiction case, the Court must apply Texas substantive law and federal procedural law. To determine Section 150.002 applies the Court must ask if it and Rule 8 of the Federal Rules of Civil Procedure conflict and if they do whether the federal rule violates the Rules Enabling Act. See Hanna v. Plumer, 380 U.S. 460 (1965); see also Shady Grove Orthopedic Assocs. v. Allstate Ins. Co., 559 U.S. 393 (2010). The test is murky and has lead to inconsistent results.

The federal district courts in Texas which have addressed the issue have been not been uniform in their determination of whether Section 150.002 is procedural or substantive. See Estate of C.A. v. Grier, 752 F. Supp. 2d 763 (S.D. Tex. 2010) (holding Section 150.002 is a procedural rule that does not apply in a federal-court diversity case because it conflicts with the federal pleading standards); Stephenson v. Util. Serv. Co., Inc., No. 2:19-CV-237, 2020 WL 13413679 (S.D. Tex. Jan. 14, 2020) (holding Section 150.002 conflicts with the Federal Rules of Civil Procedure and does not violate the Rules Enabling Act); State Auto. Mut. Ins. Co. v. Dunhill Partners, Inc., No. 3:12-CV-03770, 2013 WL 11821466 (N.D. Tex. May 28, 2013) (finding Section 150.002 is substantive and thus applies in federal). The Court finds *Grier* and *Stephenson* to be persuasive. The Court concludes Section 150.002 is a state procedural rule that does not apply in federal court

because it imposes additional pleading requirements that are not found in Rule 8 or 12 of the Federal Rules of Civil Procedure. The federal pleading rules are comprehensive and additional requirements create a conflict. Even if Section 150.002 does apply, the law itself provides an exception which clearly exempts AIC from the need to file a Texas certificate of merit along with its counterclaim.

>The relevant portion of Texas statute provides as follows:
>
>(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who is competent to testify…holds the same professional license or registration as the defendant… practices in the area of practice of the defendant… offers testimony based on the person's knowledge; skill; experience; education; training; and practice.
>
>\*\*\*
>
>(e) A claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.
>
>\*\*\*
>
>**(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.**

Tex. Civ. Prac. & Rem. Code § 150.002 (emphasis added).

In this case, ENGlobal is seeking payment of fees for professional services rendered. See Doc. No. 1, ¶¶ 5, 9, 20, 28. The plain language of Section 150.002(h) provides that a certificate of merit is not required for "any suit or action" for the payment of fees arising out of the provision of professional services. The plain language of the statute clearly provides that a certificate of merit is not required in a case such as that between ENGLobal and AIC. Three separate panels from the Texas Court of Appeals interpreting Section150.002(h) have held that no certificate of merit is required for a counterclaim when the plaintiff seeks the payment of fees for professional services.

6

Stillwater Cap. v. HKS, Inc., No. 05-20-00749, 2021 WL 2154617 (Tex. App. May 27, 2021); Zachry Eng'g Corp. v. Encina Dev. Grp., LLC, 672 S.W.3d 534 (Tex. App. 2023); McDowell Owens Eng'g, Inc. v. Timaeus L. Firm, PLLC, 679 S.W.3d 754 (Tex. App. 2023). The Court has carefully reviewed these cases and finds them to be directly on point and persuasive.

In *Stillwater*, an architectural firm sued a investment company for nonpayment of fees. Stillwater, 2021 WL 2154617 at *1. The investment company filed a counterclaim and the architectural firm filed a motion to dismiss for failure to file a certificate of merit along with the counterclaim. Id. The Texas Court of Appeals held the exception in Section 150.002(h) applied so as to make it "unnecessary for any party to file a certificate of merit in an action for payment of fees arising out of the provision of professional services." Id. at *3. The court explained the exclusion is broad and encompasses the entire action, including any counterclaims. Id. at *2. The exception "makes it unnecessary for any party to file a certificate of merit in an action for the payment of fees arising out of the provision of professional services." Id. at *3.

In *Zachry Eng'g Corp.*, a engineering firm brought an action against a developer for breach of contract. The developer filed a counterclaim for breach of contract. 672 S.W.3d at 537. The engineering firm moved to dismiss the counterclaim for failure to file a certificate of merit. Id. The Texas Court of Appeals held that no certificate of merit was required to support a counterclaim when the plaintiff seeks the payment of professional fees under Section 150.002(h). Id. at 541. The court noted the plain language of the statute provides that "it does not apply to any suit or action for the payment of fees arising out of the provision of professional services." Id. at 539. The court explained "the plain text of the statute indicates that the language used—"action" and "suit"—are interchangeable and broad terms covering an entire legal proceeding, including a defendant's counterclaims against a provider of professional services." Id. at 540. The court further explained

7

when the Texas Legislature amended the statute in 2019 it indicated an intent that counterclaims for damages required a certificate of merit but left in place the exemption for any action or suit arising out of the payment of fees. Id.

Similarly, in *McDowell Owens Eng'g*, the Texas Court of Appeals relied on Section 150.002(h) to reject the plaintiff's motion to dismiss a counterclaim that lacked a certificate of merit. 679 S.W.2d at 757. The court framed the issue as " whether, in a suit for the payment of fees initially filed by a design professional, a counterclaiming defendant seeking damages from the design professional is required to file a certificate of merit with its complaint." Id. The Texas Court of Appeals concluded that no certificate of merit was required for the counterclaim under subpart (h) because "the plain language of Section 150.002 provides that when a design professional files suit for the payment of fees arising out of the provision of professional services, and the defendant counterclaims for damages arising out of the provision of professional services, the counterclaiming defendant is not required to file a certificate of merit with its counterclaim." Id. at 760.

The Court finds the older federal district court cases from the district of Texas relied upon by ENGlobal to be unpersuasive as they were decided based on an older version of the law, did not involve counterclaims, and did not discuss the exception in Section 150.002 (h). See Garland Dollar Gen. LLC v. Reeves Dev., LLC, No. 3:09-CV-0707-D, 2010 WL 4259818, at *6 (N.D. Tex. Oct. 21, 2010); Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C., No. 2:10-CV-576, 2011 WL 3740849, at *3 (E.D. Tex. Aug. 4, 2011), report and recommendation adopted, No. 2:10-CV-576 2011 WL 3739532 (E.D. Tex. Aug. 23, 2011).

The present case, like *Stillwater*, *Zachry Eng'g Corp.*, and *McDowell Owens Eng'g*, involves an engineering firm that has sued for nonpayment of professional fees. In such a case, Texas law does not require a certificate of merit in support of a counterclaim.

C.  **Motion to Strike**

ENGlobal contends paragraph 50 in AIC's answer should be stricken under Fed. R. Civ. P. 12(f). Paragraph 50 invokes the affirmative defenses available pursuant to Rules 8, 9, and 12 of the North Dakota Rules of Civil Procedure. Both parties agree this is a typographical error and the reference should have been to the Federal Rules of Civil Procedure rather than the North Dakota Rules of Civil Procedure. Nevertheless, the Court will grant the motion while noting that leave to file an amended pleading should be freely given when justice so requires. See Fed. R. Civ. P. 12(a)(2).

IV.  **CONCLUSION**

For the reasons set forth above, the Plaintiff's motion to dismiss the Defendant's counterclaim is **DENIED**. The motion to strike is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court