UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ENGlobal U.S., Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AIC Energy Corp. d/b/a SA Fuels X, <br><br> Defendant. | Case No. 1:23-CV-00114 <br><br> **PLAINTIFF/COUNTER-DEFENDANT ENGLOBAL U.S., INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM** |

Plaintiff/Counter-Defendant ENGlobal U.S., Inc., asks the Court to render summary judgment against Defendant/Counter-Plaintiff AIC Energy Corp. d/b/a SA Fuels X's Counterclaim, as authorized by Federal Rule of Civil Procedure 56 and states as follows:

### SUMMARY OF THE ARGUMENTS

ENGlobal is entitled to summary judgment on AIC's counterclaim under Rule 56 because AIC cannot show that ENGlobal breached its contract since AIC cannot show that ENGlobal's performance fell below the appropriate standard of care. To establish the appropriate standard of care that ENGlobal's performance fell below, AIC was required to provide probative, qualified expert testimony. However, ENGlobal has chosen to not designate any experts to testify as to ENGlobal's standard of care and the deadline to do so has passed. As a result, ENGlobal is entitled to summary judgment on AIC's counterclaim as a matter of law.

### RELEVANT FACTS

ENGlobal entered into a written agreement with AIC to provide engineering services and associated deliverables for a sustainable fuels refinery to be constructed in Trenton, North Dakota (hereinafter "Contract"). Doc. 1, ¶ 6.; Doc. 17, ¶ 1. The Contract price to be paid by AIC to ENGlobal was $5,180,000.00. Doc. 1, ¶ 9. AIC was required to pay $500,000.00 when it issued

its Limited Notice. Doc. 1, ¶10. The remainder of the Contract price was to be billed as follows: (1) $468,000.00 after AIC issued its Notice to Proceed; (2) $936,000.00 at the end of each month; (3) $468,000.00 final installment billed at the end of five months. Doc. 1, ¶ 11. AIC failed to make timely payments in accordance with the written agreement, and ENGlobal brought suit. Doc. 1, ¶ 17.

After ENGlobal brought suit against AIC for its failure to pay the contractually agreed upon amount, AIC filed a counterclaim against ENGlobal. Doc. 6, ¶¶ 52-66. Specifically, AIC asserts that ENGlobal breached its contract when it allegedly failed to provide and timely perform services in a satisfactory manner under the Contract. Doc. 6, ¶ 63.

As it relates to ENGlobal's claims against AIC and AIC's counterclaim against ENGlobal, the Parties were required to exchange their complete expert witness reports on January 31, 2025. Doc. 26, ¶ (2)(p). AIC has not designated an expert nor provided any expert witness reports as it relates to its counterclaim against ENGlobal.

## STATEMENT OF THE ISSUE

ENGlobal is entitled to summary judgment on AIC's counterclaim because as a matter of law, there is no evidence that ENGlobal breached the Contract because AIC cannot provide probative expert testimony regarding the appropriate standard of care governing ENGlobal's performance under the Contract.

## LAW AND ARGUMENT

### I.    Summary Judgment under Rule 56.

Summary judgment is proper when there is no genuine dispute of material fact. FED. R. CIV. P. 56(a). To demonstrate the absence of a genuine dispute of material fact, a party must either (1) submit summary judgment evidence that negates the existence of a material element of the

claim or (2) show that there is no evidence to support an essential element of the claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

Federal courts sitting in diversity jurisdiction are bound to follow state substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 92 (1938). There is no dispute that this Court is sitting in diversity jurisdiction and that the substantive law of Texas applies. Doc. 17, § III.

Under Texas law, a claim for breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff is a proper party to bring suit for breach of contract; (3) the plaintiff performed or tendered performance as contractually required; (4) the defendant breached the contract by failing to perform or tender performance as contractually required; and (5) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Permian Power Tong, Inc. v. Diamonback E&P, LLC* 550 S.W.3d 642 (Tex.App. – Tyler 2017, pet denied). In this case, since AIC cannot raise a material fact dispute on the element of breach, ENGlobal is entitled to summary judgment as a matter of law.

## II.    Expert testimony is required.

In order to establish that the standard of care was breached, thereby constituting a breach of the Contract, Texas substantive law <u>requires</u> that AIC establish the standard of care by qualified expert testimony, along with any breach of that standard of care. *Parkway Co. v. Woodruff,* 857 S.W.2d 903, 919 (Tex. App. – Houston [1st Dist.] 1993), aff'd as modified, 901 S.W.2d 434 (Tex. 1995); *Prellwitz v. Cromwell, Truemper, Levy, Parker & Woodsmale, Inc.* 802 S.W.2d 316, 318 (Tex. App. – Dallas 1990, no writ) (affirming directed verdict in favor of engineer and architect where expert testimony was excluded because timely designated witnesses were unqualified); *Palmer v. Espy Huston & Associates, Inc.,* 84 S.W.3d 345, 354 (Tex. App. – Corpus Christi 2002, pet. denied); *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 334 (Tex. App.—Fort

Worth 2002, no pet.); *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 594 (Tex. App.—Fort Worth 2008, pet. denied); *O. I. Sys., Inc. v. City of Cleveland, Tex..*, 615 S.W.2d 786, 790 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Further, the Texas Supreme Court has "consistently required competent expert testimony and objective proof that a defect caused the condition complained of." *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 583 (Tex. 2006) (citing *Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 137 (Tex. 2004). This is further supported by ENGlbal's contract with AIC in which reads:

> ENG[lobal] shall exercise ordinary professional skill and diligence and conform to generally accepted industry standards in performing the Work which does not imply or guarantee a perfect plan or satisfactory results, and ***ENG is liable only for failure to exercise reasonable care and professional skill in performing the Work.***

Doc. 1-1, ¶ (2)(p) (emphasis added).

The ordinary lay person is not an engineer, and not familiar with an engineer's standard of care. The *Prellwitz* court specifically held that a design professional's standard of care must be established by the testimony of a qualified expert. *Prellwitz v. Cromwell, Truemper, Levy, Parker & Woodsmale, Inc.,* 802 S.W.2d 316, 318-19 (Tex.App. – Dallas 1990, no writ).

In other words, in this case, for AIC to establish that ENGlobal's performance fell below the standard of care, thereby resulting in a breach to the Contract, AIC must provide probative expert testimony regarding the appropriate standard of care *and* probative expert testimony that ENGlobal's performance fell below such standard. Ultimately, AIC <u>cannot</u> show that ENGlobal breached the applicable standard of care, let alone establish appropriate standard because AIC did not designate an expert and the deadline to do has passed.

As outlined above, the Contract provides that ENGlobal's will "exercise ordinary professional skill and diligence and conform to generally accepted industry standards in

performing the Work." Doc. 1-1, ¶ (2)(p) (emphasis added). AIC claims that ENGlobal breached the Contract because it "failed to provide services required, failed to timely perform services, and failed to perform services in a satisfactory manner." Doc. 6, ¶ 63. Therefore, AIC is required to provide probative expert testimony that ENGlobal's performance fell below the standard of care for professional engineers.

Pursuant to the Second Amended Scheduling Order, the deadline for "plaintiff(s)" to exchange complete expert witness reports was January 31, 2025. Doc. 26, ¶ (2)(p). As of the date of this motion, AIC has not provided any expert reports, and the deadline to do so has passed.

As such, since AIC has not designated an engineering expert at all, let alone any expert, qualified to opine on an engineer's standard of care, and its deadline to do so has passed, AIC cannot show that there is evidence to support an essential element of its claim – that ENGlobal performance fell below the standard of care, resulting in a breach of the Contract. Therefore, ENGlobal is entitled to summary judgment on AIC's counterclaim as a matter of law.

### CONCLUSION AND PRAYER

For the reasons laid in this Motion, ENGlobal requests this Court to grant this Motion and render final summary judgment in ENGlobal's favor.

Dated this 27th day of February, 2025

**VOGEL LAW FIRM**

*/s/ Robert J. Pathroff*

BY:    Caren W. Stanley (#06100)
       Robert J. Pathroff (#07759)
       218 NP Avenue
       PO Box 1389
       Fargo, ND  58107-1389
       Telephone:  701.237.6983
       Email:    cstanley@vogellaw.com
                 rpathroff@vogellaw.com
       ATTORNEYS FOR PLAINTIFF

**THOMPSON,  COE,  COUSINS  &  IRONS, L.L.P.**

*/s/ Angela D. Caffey*

BY:    Angela D. Caffey (#24062064)
       Plaza of the Americas
       700 N. Pearl Street, Twenty-Fifth Floor
       Dallas, TX 75201-2832
       Telephone:  (214) 871-8245
       Telecopy:  (214) 871-8209
       Email:    Acaffey@thompsoncoe.com
       ATTORNEYS FOR PLAINTIFF